# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY CURIEL,<br><br>    Petitioner,<br><br> v.<br><br>KATHLEEN ALLISON, Warden,<br><br>    Respondent. | CASE NO. CV 10-0301 DDP (AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND**<br>**RECOMMENDATIONS OF UNITED**<br>**STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the Objections below.

Petitioner contends that the Report and Recommendation failed to conduct an appropriate analysis with regards to Petitioner's ineffective assistance claim. (Objections at 1-2). In Ground One,

Petitioner asserts that his trial counsel rendered ineffective assistance by failing to object to the amended information, which improperly included a criminal street-gang enhancement in count 1 (the Cisneros murder) even though the street-gang enhancement had been previously dismissed by the trial court. Petitioner contends that the Report and Recommendation unreasonably determined that Petitioner was not prejudiced by the inclusion of the street-gang enhancement. The Court does not agree.

Although the jury did not convict Petitioner of the Cisneros murder, he contends that he was prejudiced with regard to the Tejeda murder because the prosecutor was permitted to link the two crimes as gang motivated. (Objections at 2). However, even if the amended information had not included the gang enhancement to count 1, the gang-related evidence would have been allowed. The amended information charged Petitioner with street terrorism in count 3 and alleged gang enhancements as to count 2, the Tejada murder. To establish the requisite street terrorism elements and gang enhancements, the prosecutor offered the expert testimony of Detective Lodge. Most of the gang expert's evidence would have been admitted regardless of whether the amended information included a street-gang enhancement in count 1. Further, there was significant evidence supporting count 2 and its street-gang enhancements. Indeed, Petitioner acknowledges that evidence was introduced demonstrating that Petitioner was present at the Tejada murder, made gang-related comments, admitted being a member of the OTH gang, and the gang expert opined that gang members know when other gang members are carrying a gun. (Objections at 2).

Nevertheless, Petitioner contends that "[n]one of these facts establishes that [he] knew that Hernandez would draw his gun and fatally shot [sic] Tejada." (Id.). However, the gang enhancement improperly included in count 1 related only to whether the murder was committed to benefit OTH by promoting, furthering, or assisting the criminal conduct of OTH gang members, and not whether a gang member vicariously discharged a firearm causing death, which was charged only in count 2. (CT 602-03, 714). In any event, as to Ground Nine, the Report and Recommendation found sufficient evidence to support Petitioner's conviction of special circumstances murder, a finding to which Petitioner does not object. As set forth in the Report and Recommendation, there was sufficient evidence for a reasonable jury to conclude that Petitioner knew Hernandez had a firearm and that Petitioner intended Hernandez to use the firearm in response to perceived acts of disrespect by Tejada.

Petitioner also contends that the Report and Recommendation erred in finding that the trial court's improper jury instruction was harmless. (Objections at 10-15). In Ground Six, Petitioner asserts that although there was no evidence he aided and abetted Hernandez in carrying a concealed weapon, the trial court erroneously instructed the jury on the natural and probable consequences theory and on constructive possession. The Court disagrees.

Instructional error warrants federal habeas relief only if the "instruction by itself so infected the entire trial that the

3

resulting conviction violates due process." Waddington v. Sarausad, 555 U.S. 179, 191 (2009) (citation omitted). Further, "[i]t is well established that the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (citation omitted). Moreover, if a constitutional error occurred, federal habeas relief remains unwarranted unless the error caused prejudice, i.e., unless it had a substantial and injurious effect or influence in determining the jury's verdict. Hedgpeth v. Pulido, 555 U.S. 57, 61-62 (2008) (per curiam).

As set forth in the Report and Recommendation, both Petitioner and Hernandez were OTH gang members in OTH territory when they approached the Tejeda murder scene together, and they remained together through their flight after the gang-related shooting. The gang expert opined that when one gang member has a gun, the other member knows about it. From this evidence, the jury could reasonably conclude that Petitioner knew that Hernandez, a fellow gang member, carried a concealed weapon. Nevertheless, Petitioner argues that the evidence "did not prove that [he] acted in any manner to assist Hernandez in carrying a concealed weapon." (Id. at 11) (citing People v. Perez, 35 Cal. 4th 1219, 1225 (2005)). To the contrary, as the Report and Recommendation emphasized, the evidence indicated that prior to the shooting, Petitioner yelled out that they were in OTH territory and "hit-up" Tejeda.

Moreover, the jury was instructed that it could alternatively find Petitioner guilty of murder if it determined that Petitioner aided and abetted disturbing the peace. As set forth in the Report and Recommendation, Petitioner and Hernandez "hit-up" Tejada and others on a public street. Tejada told Petitioner and Hernandez to leave because they did not live in the neighborhood. The gang expert opined that telling Petitioner and Hernandez that they were not in their neighborhood and that they should leave was an act of disrespect and a direct challenge to their earlier hit-up. From this evidence, the jury could properly conclude that Petitioner knew that Hernandez was challenging Tejada to fight in a public place, an act supported by Petitioner. This was sufficient evidence for a rational jury to find that Petitioner aided and abetted Hernandez in disturbing the peace.

Petitioner also contends that the erroneous constructive possession instruction was not harmless. (Objections at 12-15). Because there was no evidence Petitioner <u>carried</u> a firearm, the California Court of Appeal acknowledged that it was error to give the constructive possession instruction, but nevertheless found no prejudice from the error. As the Report and Recommendation noted, there was sufficient evidence for the jury to find the Tejada murder was the natural and probable consequence of <u>either</u> disturbing the peace <u>or</u> carrying a concealed firearm, both of which Petitioner aided and abetted. Considering the instructions and trial record as a whole, which the Court must do on habeas review, Petitioner has not demonstrated a reasonable likelihood that the trial court's erroneous constructive possession instruction had a

5

substantial and injurious effect or influence in determining the jury's verdict. Sarausad, 555 U.S. at 191; McGuire, 502 U.S. at 72; Pulido, 555 U.S. at 61-62.

Petitioner argues that the trial court's erroneous instruction was compounded by the prosecutor's closing argument, which made it appear that Petitioner was culpable for carrying a concealed weapon. (Objections at 12-13). However, as discussed in the Report and Recommendation, the jury was instructed that prosecutor's arguments are not evidence and are to be ignored if they are in conflict with the law as given by the trial judge. In any event, given the sufficient evidence that Petitioner aided and abetted both disturbing the peace and carrying a concealed firearm, any statements by the prosecutor concerning constructive possession were harmless. Pulido, 555 U.S. at 61-62.

Petitioner contends that "a conviction cannot be based on one of two theories where one of the theories is legally unsupportable." (Objections at 13) (citing Perez, 35 Cal. 4th at 1233). Perez further elucidates, however, that "when one of the theories presented to a jury is factually inadequate, such as a theory that, while legally correct, has no application to the facts of the case, . . . [the court] must assess the entire record, including the facts and the instructions, the arguments of counsel, any communications from the jury during deliberations, and the entire verdict." 35 Cal. 4th at 1233 (citation omitted). Thus, in situations like Petitioner's, the court will affirm the jury's verdict "unless a review of the entire record affirmatively

demonstrates a reasonable probability that the jury in fact found the defendant guilty solely on the unsupported theory." Id. (citation omitted). As discussed above, there was sufficient evidence for the jury to find the Tejada murder was the natural and probable consequence of either disturbing the peace or carrying a concealed firearm, both of which Petitioner aided and abetted.

Petitioner's remaining objections are simply reassertions of arguments made in the Petition. These arguments were addressed and rejected by the Report and Recommendation and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**IT IS ORDERED** that Judgment shall be entered denying and dismissing the Petition with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: __September 11, 2019__

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE